UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLARA LEROY,

        Plaintiff,

- against -

DELTA AIRLINES, INC.,

        Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-1033 (RRM) (PK)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

Clara Leroy brings this action against Delta Airlines, Inc. ("Delta") claiming that Delta unlawfully retaliated against her in violation of the New York City Human Rights Law, New York City Administrative Code Title 8 ("NYCHRL"), §8-107, following her complaint about a racist remark made by a passenger aboard a Delta flight where she worked as a flight attendant. Delta now moves the Court to dismiss the complaint. For the reasons stated below, the Court grants the Motion to Dismiss in its entirety.

## BACKGROUND

For purposes of deciding the motion to dismiss, the Court accepts the facts alleged in the complaint as true. Clara Leroy worked for Delta for 17 years as a flight attendant, from October 2000 to July 20, 2017. (Compl. (Doc. No. 1-2) at ¶ 8.) During her employment, Leroy was never suspended, faced any discipline, or "experienced any complications" with any of her supervisors. (*Id*. at ¶¶ 11–12.) During the events described below, Pilot Carns ("Carns") was the pilot of the flight on which Leroy worked, and served as Leroy's immediate supervisor. (*Id*. at ¶¶ 14–15.)

On May 18, 2017, at the beginning of a flight and while the airplane was still at the gate, Leroy complained to Carns about a disgruntled passenger who had called her "a black bitch."

(*See id*. at ¶ 16.)  Carns demanded that Leroy "step out on the jet bridge" with the passenger, but Leroy declined because she believed that FAA regulations barred her from exiting the aircraft at that time and because she did not want to continue speaking with the passenger.  (*Id*. at ¶ 18.)  In response, Carns asked the Operations Control Center ("OCC") to remove Leroy from the airplane for insubordination and, when the OCC declined, threatened to leave the flight himself.  (*Id*. at ¶¶ 19–22.)  The OCC relented and removed Leroy from the flight.  (*Id*. at ¶ 22.)  Leroy submitted an internal document known as a "FACTS report regarding the incident with Pilot Carns" to a supervisor named John Marsh.

On June 14, 2017, Leroy reached out to a supervisor, David Gilmartin, "and informed him fully of the pilot situation."  (*Id*. at ¶ 27.)  On June 15, 2017, Leroy was "pulled off of a working trip for a random drug test."  (*Id*. at ¶ 29.)  Because she did not produce enough urine, she submitted to another drug test later the same day.  (*Id*. at ¶ 31.)  Cynthia Atkinson, a flight attendant supervisor, observed this second test, and she and Jim Lawson, who administered the test, asked Leroy questions about her drug use.  (*Id*. at ¶ 33.)  Leroy replied that she was not taking any drugs.  (*Id*. at ¶ 34.)  Leroy was then suspended for 30 days and told by Atkinson that "if your drug test comes back negative then you will be taken off suspension."  (*Id*. at ¶¶35–37.)  Though Leroy "did not fail any drug test while employed at Delta," she received a suspension letter from Delta on or around July 3, 2017 and was terminated on July 20, 2017.  (*Id*. at 39–42.)

### The Instant Dispute

Leroy filed her original complaint in Kings County Supreme Court, on December 31, 2019.  Delta removed the case to this Court on February 25, 2020, under the Court's diversity jurisdiction.  (Notice of Removal (Doc. No. 1).)  Leroy alleges that she was a covered employer under NYCHRL, and that Delta is a foreign corporation with its principal place of business in

2

Atlanta, Georgia.  (Compl. at ¶¶4–5.)  Leroy asserted two causes of action, though only the first alleges a violation of law.  First, she claimed that, "Delta engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) by terminating Plaintiff after her complaint of discrimination." (*Id*. at ¶¶49–51.)  Second, she asserts that, under NYCHRL § 8-107(3), Delta is liable for the discriminatory conduct of its employees.  (*Id*. at ¶¶52–54.)

Delta now moves to dismiss Leroy's complaint, arguing, among other things, that Leroy did not engage in a protected activity because she complained about the conduct of a third party rather than about illegal discrimination by her employer.  (Mot. (Doc. No. 14) at 13–16.)  Since engaging in a protected activity is a necessary element of any retaliation claim under the NYCHRL, Delta argues that Leroy fails to state a claim for retaliation.  (*Id*.)  Delta further argues that, because the claim for retaliation fails, there remains no basis for supervisory liability.  (*Id*. at 19.)  In opposition, Leroy asserts that she engaged in protected activity when she "complained of discrimination to Pilot Carns on or around May 18, 2017.  Plaintiff then followed up that complaint to her supervisor Mr. David Gilmartin on June 14, 2017." (Opp'n at 9).

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I.  Retaliation

The NYCHRL makes it illegal for an employer to retaliate against an employee who opposes a violation of the NYCHRL.  NYCHRL § 8-107(7).[1]  The NYCHRL prohibits a broader range of discriminatory conduct than its state and federal analogues.  *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).  Nevertheless, it does not bar all adverse employer actions, nor all negative experiences in the workplace, and complaints about such actions or experiences falling outside of the NYCHRL's prohibitions do not constitute protected activity.  *See, e.g., Corrado v. New York Unified Court Sys.*, 163 F. Supp. 3d 1, 25 (E.D.N.Y. 2016) (Since Family and Medical Leave Act leave is not protected under the NYCHRL, claiming it is not a protected activity for NYCHRL retaliation.), *aff'd sub nom. Corrado v. New York State Unified Court Sys.*, 698 Fed. App'x 36 (2d Cir. 2017); *Mi-Kyung Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 508 (S.D.N.Y. 2013) (Since employees are not protected against customer violence under the NYCHRL, complaining about an assault by a customer is not a protected activity for NYCHRL retaliation.).

Leroy's allegation that she complained about discrimination by Delta is a legal conclusion.  She does not allege, for instance, that she used the FACTS report she submitted about the incident to complain about discrimination by Delta.  While she does allege that she

---

[1] In addition, the NYCHRL prohibits retaliation where an employee "(ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, (v) requested a reasonable accommodation under this chapter, or (vi) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."  None of these activities are at issue here.

4

complained about a racist remark made by a passenger on a Delta flight, the remark was not a discriminatory practice or action of Delta. Nowhere does the NYCHRL enumerate a derogatory remark by a customer, even if made in the workplace, as actionable employer discrimination. Leroy therefore fails to state a claim for retaliation against Delta.

## II.     Employer Liability

Since Leroy has not alleged a violation of the NYCHRL, there is no basis for employer liability.

## CONCLUSION

Because Leroy fails to state a claim for retaliation under the NYCHRL, Delta's Motion to Dismiss is granted in its entirety. The Clerk of Court is respectfully directed to enter judgment for the defendants and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       January 11, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge